UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

D.G., a minor, by JENNIFER E. GRIFFIN,

                    Plaintiff,         1:11-CV-0367
                                     (GTS)

v.

MICHAEL J. ASTRUE, Comm'r of Soc. Sec.,

                    Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

OFFICE OF STEPHEN J. MASTAITIS, JR.     STEPHEN J. MASTAITIS, JR., ESQ.
  Counsel for Plaintiff
1412 Route 9P
Saratoga Springs, NY 12866

U.S. SOCIAL SECURITY ADMIN.            KAREN T. CALLAHAN, ESQ.
OFFICE OF REG'L GEN. COUNSEL–REGION II
  Counsel for Defendant
26 Federal Plaza
New York, NY 10278

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Jennifer E. Griffin on behalf of her son, D.G. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 12, 14.) For the reasons set forth below, Defendant's motion is granted, and Plaintiff's motion is denied.

I.   **RELEVANT BACKGROUND**

   A.   **Factual Background**

D.G. was born on April 25, 2000. At the time of his hearing, he was in the third grade. D.G.'s alleged disability is attention deficit hyperactivity disorder ("ADHD"). Plaintiff also claims that D.G. shows symptoms of bipolar disorder.

   B.   **Procedural History**

On July 31, 2007, Plaintiff applied for Supplemental Security Income on D.G.'s behalf. Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On April 3, 2009, Plaintiff and D.G. appeared before the ALJ. (T. 26-80.) The ALJ issued a written decision finding D.G. not disabled under the Social Security Act on May 29, 2009 (T. 14-25.) On February 17, 2011, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-5.) Thereafter, Plaintiff timely sought judicial review in this Court.

   C.   **The ALJ's Decision**

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 17-25.) First, the ALJ found that D.G. was a "school-age child" pursuant to 20 C.F.R. § 416.926a(g)(2) on July 31, 2007 (the date the application for benefits was filed), and on May 29, 2009 (the date of the ALJ's decision). (T. 17.) Second, the ALJ found that D.G. had not engaged in substantial gainful activity at any time. (*Id.*) Third, the ALJ found that D.G. suffers from ADHD, a severe impairment pursuant to 20 C.F.R. § 416.924(c). (*Id.*) Fourth, the ALJ found that D.G. does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix I (the "Listings").  (*Id*.)  Fifth, the ALJ found that D.G. does not have an impairment or combination of impairments that functionally equals an impairment set forth in the Listings.  (T. 17-24.)  Sixth, and finally, the ALJ concluded that D.G. has not been disabled, as defined by the Social Security Act, since July 31, 2007, the date his application was filed.  (T. 25.)

## II.     THE PARTIES' BRIEFINGS

### A.     Plaintiff's Arguments

Generally, in support of her motion for judgment on the pleadings, Plaintiff makes two interrelated arguments.  First, Plaintiff argues that the ALJ erred in finding that D.G. had no marked or extreme limitations.  (Dkt. No. 12 at 1, 7-10 [Pl.'s Mem. of Law].)  Second, Plaintiff argues that the ALJ erred in failing to properly credit Plaintiff's testimony and the treating physician's opinion.  (*Id*.)

### B.     Defendant's Argument

Generally, in support of his cross-motion for judgment on the pleadings, Defendant argues that the ALJ properly decided that D.G.'s ADHD did not meet, medically equal, or functionally equal a Listing.  (Dkt. No. 14 at 1, 14-19 [Def.'s Mem. of Law].)

## III.    RELEVANT LEGAL STANDARD

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is

a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *see Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

4

An individual under the age of eighteen (18) is disabled, and thus eligible for SSI benefits, if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 42 U.S.C. § 1382c(a)(3)(C)(i). However, that definitional provision excludes from coverage any "individual under the age of [eighteen] who engages in substantial gainful activity...." 42 U.S.C. § 1382c(a)(3)(C)(ii).

By regulation, the agency has prescribed a three-step evaluative process to be employed in determining whether a child can meet the statutory definition of disability. *See* 20 C.F.R. § 416.924; *Kittles v. Barnhart*, 245 F. Supp. 2d 479, 487-88 (E.D.N.Y. 2003); *Ramos v. Barnhart*, 02 Civ.3127, 2003 WL 21032012, at *7 (S.D.N.Y. May 6, 2003).

The first step of the test, which bears some similarity to the familiar five-step analysis employed in adult disability cases, requires a determination of whether the child has engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b); *Kittles*, 245 F. Supp. 2d at 488. If so, then both statutorily and by regulation the child is ineligible for SSI benefits. *See* 42 U.S.C. § 1382c(a)(3)(C)(ii); 20 C.F.R. § 416.924(b).

If the claimant has not engaged in substantial gainful activity, the second step of the test next requires examination of whether the child suffers from one or more medically determinable impairments that, either singly or in combination, are properly regarded as severe, in that they cause more than a minimal functional limitation. *See* 20 C.F.R. § 416.924(c); *Kittles*, 245 F. Supp. 2d at 488; *Ramos*, 2003 WL 21032012, at *7. In essence, "a child is [disabled under the Social Security Act] if his impairment is as severe as one that would prevent an adult from working." *Zebley v. Sullivan*, 493 U.S. 521, 529, 110 S. Ct. 885, 890 (1990).

5

If the existence of a severe impairment is discerned, the agency must then determine, at the third step, whether it meets or equals a presumptively disabling condition identified in the listing of impairments set forth under 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Listings"). *Id.* Equivalence to a listing can be either medical or functional. *See* 20 C.F.R. § 416.924(d); *Kittles*, 245 F. Supp. 2d at 488; *Ramos*, 2003 WL 21032012, at *7. If an impairment is found to meet, or qualify as medically or functionally equivalent to, a listed disability and the twelve-month durational requirement is satisfied, the claimant will be deemed disabled. *See* 20 C.F.R. § 416.924(d)(1); *Ramos*, 2003 WL 21032012, at *8.

Analysis of functionality is informed by consideration of how a claimant functions in six main areas referred to as "domains." 20 C.F.R. § 416.926a(b)(1); *Ramos*, 2003 WL 21032012, at *8. The domains are described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). Those domains include: (i) [a]cquiring and using information; (ii) [a]ttending and completing tasks; (iii) [i]nteracting and relating with others; (iv) [m]oving about and manipulating objects; (v) [c]aring for [oneself]; and (vi) [h]ealth and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1).

Functional equivalence is established in the event of a finding of an "extreme" limitation, meaning "more than marked," in a single domain. 20 C.F.R. § 416.926a(a); *Ramos*, 2003 WL 21032012, at *8. An "extreme limitation" is an impairment which "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(I) (emphasis added).

Alternatively, a finding of disability is warranted if a "marked" limitation is found in any two of the listed domains. 20 C.F.R. § 416.926a(a); *Ramos*, 2003 WL 21032012, at *8. A "marked limitation" exists when the impairment "interferes seriously with [the claimant's]

ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i).
"A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(C).

## IV. ANALYSIS

The primary issue before the Court is whether the ALJ's conclusion that D.G.'s impairment did not meet, medically equal, or functionally equal a listing is supported by substantial evidence. After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 14 at 14-19 [Def.'s Mem. of Law].) The Court would only add the following analysis.

Plaintiff acknowledges that functional equivalence of a Listing is found where there is a finding of an extreme limitation in one domain of functioning or a finding of a marked limitation in two domains. *See* 20 C.F.R. § 926a(a). Plaintiff argues, though, that the regulations recognize that an impairment may be of a "listing-level severity" even if it does not result in an extreme limitation in one domain or a marked limitation in two. (Dkt. No. 12 at 8 [Pl.'s Mem. of Law, citing 20 C.F.R. 416.925(b)(2)(ii)].) The cited regulation actually provides that an impairment may be of a "listing-level severity" even if it does not result in an extreme limitation in one domain or a marked limitation in two, "if the listing that we apply does not require such limitations to establish that an impairment(s) is disabling." 20 C.F.R. § 416.925(b)(2)(ii).

Here, the ALJ, after finding that D.G.'s ADHD is severe, decided that it does not meet Listing 112.11, which requires marked inattention, marked impulsiveness, and marked hyperactivity. Because the Listing applied by the ALJ does require marked limitations in order

7

to establish that D.G.'s ADHD is disabling, the regulatory provision for functional equivalence in 20 C.F.R. § 926a(a) applies.

Plaintiff next acknowledges that D.G.'s treating psychiatrist, Dr. Robert Harnick, found moderate limitations "in three domains," but argues that this opinion "should have been accorded great, significant and/or controlling weight" as it is consistent with the opinions of D.G.'s mother, step-father, step-grandmother and first grade teacher, as well as the opinion of Dr. Thomas Osika. (Dkt. No. 12 at 8 [Pl.'s Mem. of Law].) To be sure, Dr. Harnick opined that D.G. has moderate limitation in the personal/behavioral function and in concentration, persistence and pace; moderate or less than moderate limitation in the social development function, and less than moderate limitation in the functions of cognitive development, communicative development and motor development. (T. 259-260.) Moreover, the ALJ stated that he gave "great" and "controlling weight" to Dr. Harnick's opinion, finding it to be "well supported by the objective clinical and laboratory findings and consistent with all evidence in the medical record." (T. 20.)

Plaintiff goes on to argue that the ALJ erred in giving controlling weight to the opinion of D.G.'s third grade teacher after "only" four months of observation, to the detriment of the opinions of D.G.'s family members, whose opinions are consistent with those of Drs. Harnick and Osika. However, it is clear that this argument also relies on Plaintiff's misinterpretation of the regulations to allow a finding of disability where a claimant has a moderate limitation in multiple domains, which is not the case here. Accordingly, the ALJ's decision is affirmed in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 26, 2012
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge